[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 29, 1997
The plaintiff, Guernsey Realty Company, Inc., has appealed from an assessment by the defendant, board of assessment appeals of the town of Darien, pursuant to General Statutes §12-117a.[1] The complaint alleges that the Darien assessor assessed the plaintiffs property at 1120 Boston Post Road, Darien, for $6,628,600 on the list of October 1, 1995. The complaint further alleges that the plaintiff appealed to the defendant, board of assessment appeals. which refused to make any changes to the assessment, described by the plaintiff as excessive, unlawful and unreasonable. In its prayer for relief, the plaintiff asks that the assessment of October 1, 1995, be reduced to the property's true and actual valuation.
The defendant has filed a motion (#103) to dismiss this action for lack of subject matter jurisdiction because the plaintiff did not appeal the initial assessment following the October 1, 1988, ten year revaluation, but rather waited seven years to appeal the valuation on the list of October 1, 1995. The defendant cites Jupiter Realty Company v. Town of Vernon,
Superior Court, judicial district of Tolland at Rockville, Docket No. CV93-0052991 [August 9, 1996, Rubinow, J.T.R.,17 CONN. L. RPTR. 403), and Valacal Co. v. Town of Milford, Superior Court, judicial district of Ansonia-Milford at Derby, Docket No. CV 95-0050501 (November 1, 1996, Ripley, J.), for the proposition CT Page 3751 that a property owner may not appeal a tax assessment in the years between decennial revaluations.
The plaintiff objects to the motion to dismiss on two grounds. The plaintiff claims that by entertaining its appeal, the board of assessment appeals has "waived" any challenge to this court's jurisdiction. The plaintiff also argues that theJupiter Realty case is now pending before the Connecticut Supreme Court, and therefore any decision on the merits of this motion to dismiss should be stayed pending the outcome of that appeal.[2]
The issue of interim revaluations was discussed in Pauker v.Roig, 232 Conn. 335, 654 A.2d 1233 (1995), where the Supreme Court held that "tax assessors ordinarily are not statutorilyrequired under § 12-64 to undertake interim revaluations." (Emphasis in original.) Pauker indicates that tax assessors have the "authority to undertake an interim revaluation, should they decide to do so." (Emphasis in original.) Id., 343. However, an assessor is not obliged to do so "at least in the absence of a showing of the destruction or expansion of the property, a substantial change in its use or zoning classification, or a decision by the taxpayer to go out of business." Id., 342. In the present case, the tax assessor of Darien did not conduct a revaluation of the property currently owned by the plaintiff,
General Statutes §§ 12-111 and 12-112 provide that an appeal from the action of an assessor to the board of assessment appeals must be taken before the twentieth of February following the assessment made the previous fall. Moreover, General Statutes § 12-117a provides, among other things, that a person who is aggrieved by the action of a board of assessment appeals must appeal to this court "within two months from the time of such action." In the present case, the plaintiff does not claim that it appealed the 1988 revaluation to the board of assessment appeals. The plaintiff waited too long to appeal the 1988 assessment, and the assessor is not obliged to revalue the plaintiffs property prior to the next revaluation.
The issue of interim assessments was also addressed by the legislature in Public Act 95-283, § 3 andPublic Act 96-117, § 5(a), which provide, among other things, for revaluation every twelve years but statistical revaluations every four years in the time period between revaluations. These acts do not warrant a denial of the motion to dismiss. CT Page 3752
As to the claim of waiver, the board of assessment appeal's action in hearing a property owner's appeal cannot confer jurisdiction on this court. The Connecticut Supreme Court has stated that "[t]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192,676 A.2d 831 (1996). Therefore, the plaintiffs request for a reduction in its assessment is denied.
LEWIS, J.